IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-61844

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

THE RANCHERS DAUGHTER
MONTANA, LLC,

    Defendant.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendant The Ranchers Daughter Montana, LLC ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Montana with its principal place of business located at 274 6th Avenue West N, Kalispell, MT 59901. Defendant's agent for service of process is Karoline M. Rose, 290 Kimpton Upper Lane, Toston, MT 59643.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state, and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice. See Prepared Food Photos, Inc. v. Myrtle Beach VIP Party Bus., LLC, No. 6:23-cv-122-RBD-LHP, 2023 U.S. Dist. LEXIS 227774, at *7 (M.D. Fla. Dec. 21, 2023) ("The Court also has personal jurisdiction over Defendant because Defendant's alleged copyright infringement against Plaintiff, 'a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida' (see id. ¶ 1), constitutes a tortious act covered under Florida's long-arm statute, Fla. Stat. § 48.193.") (collecting cases) (report and recommendation adopted at 2024 U.S. Dist. LEXIS 13140 (M.D. Fla. Jan. 25, 2024)).; Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) ("Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida.") (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)); Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.")

(collecting cases).

## FACTS

I. **Plaintiff's Business and History**

5. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

6. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

7. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

8. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

9. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

II. **The Works at Issue in this Lawsuit**

10. In 1994, a professional photographer employed and/or contracted by Plaintiff created a photograph titled "BurgersRawFSHC1210" (the "Work"). A copy of the Work is

displayed below:



11. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on April 19, 2017 and was assigned Registration No. VA 2-045-003. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendant's Unlawful Activities

13. Defendant is a farm-to-table retail store in Kalispell, MT.

14. Defendant advertises/markets its business through its website (https://www.theranchersdaughtermt.com/), social media (e.g., https://www.facebook.com/theranchersdaughtermt and https://www.instagram.com/the_ranchersdaughter/), and other forms of advertising.

15. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.theranchersdaughtermt.com/partners):



16.     A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.     Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

18.     Defendant utilized the Work for commercial use.

19.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in February 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

26. Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot

simply be copied from the internet.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

32. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

33. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: October 4, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
   Daniel DeSouza, Esq.
   Florida Bar No.: 19291