UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:24-cv-61844-MD-AOV

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

      Plaintiff,

v.

THE RANCHERS DAUGHTER
MONTANA, LLC,

      Defendant.
_____/

**DEFENDANT, THE RANCHERS DAUGHTER MONTANA, LLC'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT COURT FOR THE DISTRICT OF MONTANA**

Defendant, THE RANCHERS DAUGHTER MONTANA, LLC ("Defendant"), by and through its undersigned counsel, files this Motion to Dismiss Plaintiff PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.'S Complaint ("Complaint"), *see generally* Doc. 1, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the district court for the District of Montana pursuant to 28 U.S.C. §§ 1404 and 1406, and in support thereof, states as follows:

I.    **PROCEDURAL BACKGROUND**

      1.    On October 4, 2024, Plaintiff, Prepared Food Photos f/k/a Adlife Marketing and Communications Co, Inc., a corporation existing under the laws of the state of Florida, filed the instant action alleging online copyright infringement against Defendant, The Ranchers Daughter Montana, LLC, a limited liability company existing under the laws of the state of Montana. *See*

*generally* Complaint, Doc. 1.

2. In Plaintiff's Complaint, Plaintiff alleges that Defendant's copyright infringement consists of unlicensed use of Plaintiff's photograph entitled "BurgersRawFSHC1210"[1] on Defendant's website at the URL www.theranchersdaughtermt.com/partners. (*see id.,* and Doc. 1-2, Exhibit B to the Complaint).

3. As set forth in the supporting Declarations of the Defendant, The Ranchers Daughter Montana LLC's two manager-members Karoline Rose Bohannan (submitted as **Exhibit A** to this motion), and Grayson Buckner (submitted as **Exhibit B** to this motion), at all times, Defendant, The Ranchers Daughter Montana, LLC, is and has been a Montana limited liability company, located solely in the state of Montana, owned, managed, staffed, and stocked, by individuals and businesses who are residents of and/or domiciled in Montana. The Ranchers Daughter Montana, LLC, markets itself as a store specializing in food items and products made and farmed in Montana.

4. On December 3, 2024, The Ranchers Daughter Montana, LLC, was served with Plaintiff's Complaint (*see* Declaration of Service, Doc. 6).

5. Plaintiff asserted 28 U.S.C. §§ 1331 and 1338(a), as well as Fla. Stat. §§ 48.193(1)(a)(2) (committing a tortious act within Florida) as the bases for jurisdiction over The Ranchers Daughter Montana, LLC, (*see* Complaint, Doc. 1 at ¶¶ 3-4).

6. Plaintiff does not assert jurisdiction over The Ranchers Daughter Montana, LLC, under Fla. Stat. § 48.193(1)(a)(1) (engaging in business in Florida) (*see generally*, Complaint, Doc. 1). Indeed, no facts, even those known to Defendant's manager-members, could support an allegation that The Ranchers Daughter Montana, LLC, engaged in business in Florida, because Defendant, The Ranchers Daughter Montana, LLC, has no known sales to Florida consumers, has not shipped any products to Florida, does not advertise to Florida consumers, does not seek to sell Florida-made products, has no business or personal property in Florida, no permits or registrations in Florida, and no known contracts with a Florida entity.

---

[1] The allegedly infringed photo shows two stacks of raw hamburger patties on a wooden cutting board with a sprig of an herb sitting on the cutting board between the two stacks of hamburger patties (*see* Doc. 1, Complaint, at ¶10). The work was published in or about 1994, and was registered on or about April 19, 2017, under Registration No. VA 2-045003 (*see id*., at ¶¶10-11).

7. Defendant, The Ranchers Daughter Montana, LLC is a Montana business run by Montana residents, selling Montana-made products to Montana consumers. Although it has a website, on which the alleged infringement took place, its business activities are largely centered around its physical store in Kalispell, Montana. Its contacts with Florida are so minimal that it could not reasonably have anticipated being sued there.

8. Defendant The Ranchers Daughter Montana, LLC, now moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to transfer venue to the District Court for the District of Montana pursuant to 28 U.S.C. §§ 1404 and 1406.

II. **FACTUAL BACKGROUND**

9. Plaintiff Prepared Food Photos, Inc. ("PFP") was formerly known as Adlife Marketing and Communications Co., Inc., ("Adlife"), and was previously a Rhode Island corporation headquartered in Rhode Island under its Adlife name.[2] Regardless of where Plaintiff is headquartered, Plaintiff's licensing of digital stock photographs of food appears to be an entirely online business conducted on its website at the URL www.preparedfoodphotos.com (*see* Complaint, Doc. 1 at ¶6). Plaintiff's customer base appears to be distributed all over the nation, as observed from the Lexis Nexis Lex Machina legal analytics summary of litigation in which Plaintiff is a party, listing three hundred and one (301) copyright infringement cases filed mostly by Plaintiff since 2016 in fifty-two (52) federal district courts across the United States (*see* Ex. A, Declaration of Leia V. Leitner, attached in support of this motion as **Exhibit C**). Upon individual review of these cases' complaints, sometimes Plaintiff files its complaint in neither party's home state, sometimes in a defendant's home state, and sometimes, as in the instant matter, Plaintiff files in the state where it is currently headquartered, Florida.[3]

---

[2] *See, e.g., Adlife Marketing & Communications Co., Inc. v. Windstone Buffalo Co.* 1:16-cv-11825-LTS, Complaint, Doc. 1, filed September 7, 2016 (D.Mass.).

[3] *See, e.g., Adlife Marketing & Communications Co., Inc. v. Windstone Buffalo Co.*, 1:16-cv-11825-LTS, Complaint, Doc. 1, filed September 7, 2016 (D.Mass.) (copyright infringement complaint filed in Massachusetts instead of Plaintiff's then-home state of Rhode Island or the defendant's home state of South Dakota); *Prepared Food Photos Inc v. Pool World Inc*., 2:23-cv-00160-TOR, Complaint, Doc. 1, filed June 2, 2023 (E.D.Wash.) (copyright infringement complaint filed in the defendant's home state of Washington); *Prepared Food Photos, Inc. v. Crescent Food Corp et al*., 9:21-cv-81786-WM, Complaint, Doc. 1, filed September 21, 2021

10. In contrast, Defendant The Ranchers Daughter Montana, LLC is primarily a brick-and-mortar business. It runs a single-location farm-to-table retail store in Kalispell, Montana that opened to the public on or about October 8, 2022, and specializes in locally farmed meats (including beef, pork, chicken, and lamb) and produce, locally made food items such as baked goods, salsa, jams, olive oils, and locally made gift items such as dishes, jewelry, and home decor. The Ranchers Daughter Montana, LLC's sole location, headquarters and principal place of business is located in Kalispell, Montana, Flathead County, which is located in the District of Montana.

11. The Ranchers Daughter Montana, LLC also runs a website, www.theranchersdaughtermt.com. The website was made available to the public in early October 2022. Some products can be ordered through the website. As a practical matter, the perishable nature of the locally farmed meats that make up a large portion of The Ranchers Daughter Montana, LLC's products causes nearly all of the purchases of meat, including hamburger patties, to be made in-store. Most orders placed through the website are for in-store pickup or local delivery around the Kalispell, Montana area. The Ranchers Daughter Montana, LLC does have the ability to ship orders nationally, but there are no known sales to Florida consumers and no orders have been shipped to Florida.

12. The allegedly infringed photo was only displayed on one webpage within The Ranchers Daughter Montana, LLC's website, found at the URL: www.theranchersdaughtermt.com/partners. The page that previously displayed[4] the allegedly infringed photo is entitled "Meet Our Partners" (*see* Doc. 1-2, Exhibit B to the Complaint). This webpage provides information about the local Montana businesses that The Ranchers Daughter Montana, LLC partnered with as of June 26, 2023, and who's Montana-made products are carried in The Ranchers Daughter Montana, LLC's store. While the accused webpage contains

---

(S.D.Fla.) (copyright infringement complaint filed against a New York defendant in the Plaintiff's then-home state of Florida; later transferred to E.D.N.Y.); *Prepared Food Photos, Inc. v. La Paz Pizza Corp et al.,* 2:21-cv-05813-JS-AYS, Complaint, Doc. 1, filed October 18, 2021 (E.D.N.Y.) (copyright infringement complaint filed against a the defendant's home state of New York).

[4] The allegedly infringed photo was taken off Ranchers Daughter Montana's website in or about August 2023. The Ranchers Daughter Montana, LLC received a notice letter from the Plaintiff, in or about July 2023.

306143397v.1

links to the partners' websites, no products are for sale on, nor can any products be purchased directly from the accused URL www.theranchersdaughtermt.com/partners.

13. The Ranchers Daughter Montana, LLC's primary marketing theme is that it partners with other Montana businesses in order to sell Montana-made products in its Montana-located store. The Ranchers Daughter Montana, LLC does not seek to partner with Florida businesses. The Ranchers Daughter Montana, LLC does not market it's store as featuring Florida products. The Ranchers Daughter Montana, LLC does not market to or aim its marketing at Florida consumers. Defendant is a business by Montana residents, for Montana residents.

14. As it is impossible for the Plaintiff to plead facts about non-existent sales and non-existent advertising between The Ranchers Daughter Montana, LLC and Florida consumers, there is nothing more that Plaintiff can plead to establish personal jurisdiction over The Rancher's Daughter Montana, LLC. The Complaint is procedurally deficient on its face, and must be dismissed against The Ranchers Daughter Montana, LLC for lack of personal jurisdiction. In the alternative, The Ranchers Daughter Montana, LLC seeks to transfer venue of this action to the District Court for the District of Montana. The traditional notions of fair play and substantial justice do not comport with haling Defendant The Ranchers Daughter Montana, LLC, a single-location Montana business, owned and staffed by Montana residents, to litigate a case in Florida, a state in which it has not engaged in any business activities nor could it have anticipated being sued in.

### III. LEGAL STANDARD

15. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Allegations in a complaint are accepted as true only "to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony." *Fru Veg. Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1180 (S.D. Fla. 2012); *see also Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Circ. 2006). If a plaintiff "has established a *prima facie* case for jurisdiction and the defendant filed affidavits contesting jurisdiction, the plaintiff bears the burden of proving jurisdiction by affidavits or other sworn statements." *Abramson v. Walt Disney Co.*, F. App'x 273, 276 (11th Cir. 2005).

5

16.     In the Eleventh Circuit, courts apply a two-part test to determine whether personal jurisdiction over a non-resident defendant exists. *See, e.g., Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the court determines whether Florida's long arm statute, Florida Statute § 48.193, provides jurisdiction.  *See e.g., Madara v. Hall*, 916 F. 2d. 1510, 1514 (11th Cir. 1990); *see also Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F. 3d 1247, 1249 (11th Cir. 2000). Only where the long-arm statute provides jurisdiction does the court proceed to the second step and determine "whether sufficient minimum contacts exists to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Madara*, 916 F. 2d at 1514 (internal citations and quotations omitted).

**IV.     ARGUMENTS AND AUTHORTIES**

    **A.     Plaintiffs' Complaint Should Be Dismissed Because This Court Lacks Personal Jurisdiction Over Defendant The Ranchers Daughter Montana, LLC, Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

17.     In the context of **website-based copyright infringement**, a plaintiff's residence in the forum and suffering of harm there, together with the accessibility of the defendant's allegedly infringing website from Florida, are easy for a plaintiff to plead, usually do not, alone, support personal jurisdiction. Where the alleged infringement is related to goods or service sold online by the defendant, personal jurisdiction tends goes hand in hand with Plaintiff also pleading facts that demonstrate that the defendant was engaged in providing those goods or services to Florida consumers via its website on which defendant was alleged to infringe the plaintiff's copyrights. The assumption that websites are accessible from anywhere in the U.S. muddies the analysis of whether there is personal jurisdiction. But when Florida consumers make purchases from a defendant's allegedly infringing website, that does away with the need to assume that Florida consumers accessed defendant's allegedly infringing site.  The sale demonstrates actual access of defendant's website by Florida consumers.

    **1.     Pleading Personal Jurisdiction under Florida's Long-Arm Statute Is a Low Hurdle for Plaintiff to Clear, but Does Not, by Itself, Establish Personal Jurisdiction**

306143397v.1

18. The section of Florida's long-arm statute pleaded as the jurisdictional basis in Plaintiff's Complaint, Fla. Stat. §§ 48.193(1)(a)(2), provides, in pertinent part, the following:

> "(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: […]
>
> 2. Committing a tortious act in this state. […]"

19. *Id.* The first paragraph of Plaintiff's Complaint clears the low hurdle of alleging that Defendant committed a tortious act (copyright infringement) within the state of Florida (injuring Plaintiff who is corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida). Under this first step of the analysis, it is easy to assume that the combination of copyright infringement on a website presumed to be accessible from Florida that injures a business located in Florida is sufficient to establish personal jurisdiction. *See Oviedo v. Ramirez,* No. 21-cv-23750-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 93240, at *21 (S.D. Fla. May 23, 2022). Plaintiff relies so heavily on the assumption that most websites are accessible from anywhere in the U.S. that it does not even plead outright that the Defendant's website is accessible in Florida or that any Florida residents actually accessed Defendant's website. Plaintiff only alludes to such accessibility of by including the following quote in the Complaint, at paragraph 4: "In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted." *Venus Fashion, Inc. v. Changchun Chengji Tech*. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016). This does not establish that that Defendant's website was accessible or accessed by Florida residents.

20. Moreover, the *Venus Fashion case* is not particularly helpful for Plaintiff as personal jurisdiction over defendant *Changchun* was established in the second part of the analysis. Although *Changchun* was a Chinese company with almost no contacts with Florida, because it nonetheless had two years of sales to Florida, which were initiated through the allegedly infringing]website," personal jurisdiction was ultimately established.

21. This first prong of the personal jurisdiction analysis should have been a low hurdle for Plaintiff, but it is questionable as to whether personal jurisdiction was established as Plaintiff failed to plead that Defendant The Ranchers Daughter Montana LLC's website was accessible or accessed. The analysis in the next section will leave no question that Plaintiff did not establish personal jurisdiction as there are simply no business activities for Plaintiff to plead that Defendant The Ranchers Daughter Montana, LLC engaged in connection to Florida.

2. **Under the Constitutional Due Process Analysis Defendant's Montana-Themed Business Does Not Seek and Does Not Have Sufficient Connection to Florida to Anticipate Being Sued There**

22. The Due Process Clause of the Fourteenth Amendment protects out-of-state individuals and entities from being sued in states where they have "established no meaningful contacts, ties or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant unless its contact with the forum state is such that the defendant has "fair warning" that it may be sued in that state. *See Licciardello v. Lovelady,* 544 F.3d 1280, 1284 (11th Cir. 2008). This required concept of "fair warning" is satisfied if the defendant purposefully directed its activities at residents of the forum state and the litigation results from alleged injuries that 'arise out of or relate to' those activities. *Id.*

23. Again, sales to Florida consumers are concrete examples of something that would give an out of state retailer reason to direct its activities to Florida and have fair warning that the transaction could lead to litigation in Florida. Especially when a defendant's sole store location is thousands of miles away from Florida, if a Florida consumer places an order for a defendant's products through that defendant's website, the defendant has no choice but to direct its activities at the purchasing Floridian in packing up the products the Florida resident purchased and shipping those products to a Florida address.

24. Because online copyright infringement may not always be dependent a sale of goods, where the allegedly infringing use involves a website selling a defendant's goods, trademark infringement cases, in which jurisdiction is more clearly established when there has been a sale of goods to the forum state, are illustrative. *See, e.g., Vital Pharm., Inc. v. Bang Diamonds LLC*, No. 22-cv-60155, 2022 U.S. Dist. LEXIS 156380, at *3-4 (S.D. Fla. Aug. 29,

2022) (Finding no personal jurisdiction in a trademark infringement case based on defendant's lack of any sales to Florida and lack of any other ties to Florida, despite "Defendant's website, which is accessible in Florida, and which offers shipping of Defendant's products "within all 48 contiguous states within the United States.").

25. The Louis Vuitton court stated that the mere operation of a website accessible in the forum state by itself did not give rise to purposeful availment, but rather, it was the defendant's other contacts with Florida established through selling infringing goods via defendant's website to Florida consumers that established jurisdiction under this part of the due process analysis. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339 (11th Cir. 2013)

26. Again, Plaintiff has not outright alleged any contact with Florida. In addition to failing to outright allege that Defendant's website was accessible in Florida, Plaintiff has not alleged any sales in Florida, any advertising or activities aimed at Florida residents or businesses. Plaintiff only alleges the following in paragraphs 13-15 of the Complaint, which is insufficient to establish personal jurisdiction:

> 13. Defendant is a farm-to-table retail store in Kalispell, MT.
>
> 14. Defendant advertises/markets its business through its website (https://www.theranchersdaughtermt.com/), social media (e.g., https://www.facebook.com/theranchersdaughtermt and https://www.instagram.com/the_ranchersdaughter/), and other forms of advertising.
>
> 15. On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://www.theranchersdaughtermt.com/partners):
>
> 
> ."

306143397v.1

### 3. The Exercise of Jurisdiction Over Defendant in Florida Would Offend The Traditional Notions of Fair Play and Substantial Justice

27. Only if the Plaintiff establishes jurisdiction under Florida's long arm statute and the first two parts of the due process analysis will Defendant need to prove that exercising jurisdiction would nonetheless violates traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). The Eleventh Circuit's district courts look to the following five factors in determining if jurisdiction over a non-resident defendant will violate traditional notions of fair play and substantial justice: "(1) 'the burden on the defendant;' (2) 'the forum State's interest in adjudicating the dispute;' (3) 'the plaintiff's interest in obtaining convenient and effective relief;' (4) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies;' and (5) any 'shared interest of the several States in furthering substantive social policies.'" *VAS Aero Servs., LLC v. Arroyo*, 868 F. Supp. 2d 1374, 1380-81 (S.D. Fla. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

28. In this case, due to the nature of the defendant's business, the burden on the Defendant to litigate in Florida would be high. Ranchers Daughter Montana is a two-year-old farm to table retail start-up selling perishable food items from a single location in Montana, conducting mostly on-site sales and local deliveries via its staff of two member-managers and three employees, all of whom are Montana residents domiciled in Montana. Defendant's most likely witnesses, its two member-managers, would bear a substantially greater burden in having to be separated from their physical products, store, and Montana customer base by thousands of miles in order to defend this action in Florida. *See Internet Solutions Corp. v. Marshall*, No. 6:07-cv-01740-ACC-KRS, 2010 U.S. Dist. LEXIS 145503, at *13 (M.D. Fla. Sept. 30, 2010) ("Internet Solutions III") (finding that the defendant's residing in Washington weighed against exercising jurisdiction); *see also Goforit Entm't LLC v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1333 (M.D. Fla. 2007) (finding that the burden on Texas and Oklahoma defendants of defending an action in Florida would be substantial).

29. Moreover, although Plaintiff is headquartered in Florida, Plaintiff has not set forth any other particular interest that Florida has in adjudicating this dispute. *See Internet Solutions III*, 2010 U.S. Dist. LEXIS 145503, at *13. (finding that the plaintiff's maintaining its place of

business in Florida did not, by itself, establish a substantial interest for Florida in deciding the case). Plaintiff's business, which appears to be entirely online and digital (*see, e.g.,* Complaint, Doc. 1, at ¶6), is significantly easier to conduct from multiple locations around the country in comparison to Defendant's highly localized business. Plaintiff's eight-year history of litigating over three hundred (300) similar copyright infringement actions in fifty-two (52) federal district courts across the U.S., including Montana's neighboring/nearby states of North Dakota and Washington, shows that Plaintiff is not particularly inconvenienced by having to litigate in other jurisdictions. In a number of its complaints, Plaintiff initially selected the defendant's home state as the venue. Plaintiff does not plead any particular reason in the Complaint why this case, pleaded on a template nearly identical to many of Plaintiff's other copyright infringement matters, could not have been brought in Montana.

### B. Alternatively, the Interests of Justice Supports Transferring Venue to Montana

30. In the event that the Court is not inclined to dismiss this case, in the alternative, Defendant seeks transfer of venue to the District Court for the District of Montana. Under 28 U.S.C § 1404, for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (quoting 28 U.S.C. § 1406(a) and holding that courts may transfer cases even when personal jurisdiction is lacking over the defendants); *Hemispherx Biopharma, Inv. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009) ("The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it.").

31. As this case involves a copyright cause of action under a federal statute it could have been brought in the federal courts of either Montana or Florida. Montana is unlikely to be questioned as a proper venue as it is both the "district in which any defendant resides," and the district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). As addressed in the previous section, in the context of convenience to the witnesses, Plaintiff has had thirty years in business to amass a sufficient number of employees to cover its litigation and non-litigation business matters simultaneously, Plaintiff has litigated nationwide, and Plaintiff's digital, online products will not be rendered unsaleable if an employee leaves the freezer door open. In contrast, Defendant is a two-year old company staffed

by approximately five individuals, whose products are largely comprised of perishable food items that will not get to Defendant's customers unless they are physically present to man the store or deliver orders in the Kalispell, Montana area.

## V. CONCLUSION

Based on the foregoing, Defendant, The Ranchers Daughter Montana, LLC, seeks an order of this court dismissing Plaintiff's Complaint in its entirety for lack of personal jurisdiction over Defendant The Rancher's Daughter Montana, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, transferring this matter to the District Court for the District of Montana, together with any further relief that this Court deems just and proper.

DATED this **24th** day of December 2024.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP.**

By: *s/ Leia v. Leitner*
Leia V. Leitner, Esquire
Florida Bar No: 0105621
111 North Orange Avenue,
Suite 1200
Orlando, Florida   32801
Telephone:  407-203-7599
Fax:            407-648-1376
*Attorney on Special Limited Appearance for Defendant – THE RANCHERS DAUGHTER MONTANA, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 24, 2024,** pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following parties:

> **Daniel DeSouza, Esq.**
> Copycat Legal PLLC,
> 3111 N. Universtiy Drive, Suite 301,
> Coral Gables, FL 33065
> Telephone: (877) 437-6228
> dan@copycatlegal.com
> *Attorney on Special Limited Appearance for Defendant – THE RANCHERS DAUGHTER MONTANA, LLC*

> *s/ Leia V. Leitner*
> Leia V. Leitner